IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| CORA BLAND SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 3:07CV171 |
| ) | |
| WERNER ENTERPRISES, INC. OF ) | |
| NEBRASKA, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Defendant Werner Enterprises, Inc. of Nebraska's ("Werner") motion for summary judgment (docket entry no. 21). The issues are sufficiently addressed in the relevant pleadings and the Court concludes that oral argument will not aid in the decisional process. The motion is therefore ripe for resolution. For the reasons set forth herein, the motion is DENIED.

**I. Factual Background**

On September 19, 2006, Plaintiff was traveling southbound on Interstate 95 at mile marker 082 in Henrico County, Virginia. At that time, a tractor trailer that Plaintiff alleges is owned by Defendant Werner and operated by its employee or agent, crossed into the lane in which Plaintiff was traveling and collided with the side of Plaintiff's vehicle. The driver of the tractor trailer did not stop following the incident. Plaintiff claims that the alleged employee of Werner was negligent, and as a direct and proximate result of such negligence, Plaintiff incurred injuries. Plaintiff seeks relief in the form of compensatory damages.

## II.  Standard of Review

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  In considering whether to grant a motion for summary judgment, the court must assess the evidence offered by both parties and "determine whether there is a genuine issue for trial" after viewing the evidence in the light most favorable to the non-moving party and resolving all factual disputes in that party's favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  The Court must "resolve all factual disputes and any competing, rational inferences in the light most favorable" to non-moving party.  Id. (citation omitted).  Nonetheless, this Court is not to make credibility determinations, as that task is for the fact finder.  Anderson, 477 U.S. at 255.

To defeat a summary judgment motion, the non-moving party may not rest upon mere allegations or denials, but must "set forth specific facts showing that there is a genuine issue for trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  Furthermore, a party may not avoid summary judgment by relying on affidavit evidence that seeks to contradict earlier deposition testimony of the same party:

> If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact.  A genuine issue of material fact is not created where the only issue of fact is to determine which of the two conflicting versions of the plaintiff's testimony is correct.

Barwick v. Celotex Corp., 736 F.2d 946, 960 (4th Cir. 1984) (internal citations omitted).  In essence, the Court must decide if the evidence when viewed in the light most favorable to the

non-moving party "presents a sufficient disagreement to require submission to the [factfinder] or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52.

### III.  Analysis

Werner asserts in its motion that Plaintiff cannot conclusively prove that the truck that collided with Plaintiff's car was, in fact, owned by Werner; nor can she prove that such truck was driven by a Werner employee in the course and scope of his or her employment with Werner.  (Br. in Supp. of Def.'s Mot. for Summ. J. at 4.)

To the extent that Defendant Werner claims it is entitled to summary judgment because Plaintiff has not proven that Defendant Werner is at fault under the doctrine of respondeat superior, such argument fails.  Under the Erie doctrine, the substantive law of Virginia applies in this case.  Erie R.R. Co. v. Tompkins, 306 U.S. 64, 78 (1938).  In this regard, the Supreme Court of Virginia has stated:

> In Virginia, we have followed the rule adopted by the great weight of authority that in an action for injuries caused by the negligent operation of an automobile proof that the automobile was owned by the defendant establishes a prima facie case that the automobile was being operated by the defendant or someone for him, under circumstances making him liable therefore.  However, this is **merely an inference or presumption that may be rebutted**, with the burden of overcoming it resting upon the defendant.

Kavanaugh v. Wheeling, 7 S.E.2d 125, 128 (Va. 1940) (citations omitted) (emphasis added). The burden of proof, therefore, is on Defendant Werner to rebut this presumption with proof that the truck that collided with Plaintiff's automobile was not owned by Werner, and was not driven by a Werner employee in the course and scope of his or her employment with Werner.  The Plaintiff does not bear that burden as Defendant asserts.  Accordingly, Defendant's motion for

summary judgment (docket entry no. 21) will be DENIED.

An appropriate Order shall issue.

/s/
Dennis W. Dohnal
United States Magistrate Judge

Richmond, Virginia
Date:9/28/2007